IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIOUX VALLEY HOSPITAL,
a South Dakota non-profit corporation,
1305 W. 18th Street,
Sioux Falls, SD 57117,

    Plaintiff,

vs.

MICHAEL O. LEAVITT,
Secretary of the United States Department of
Health and Human Services,
200 Independence Avenue, S.W.
Washington, D.C. 20201,

    Defendant.

CASE NUMBER 1:06CV01236

JUDGE: Gladys Kessler

DECK TYPE: Administrative Agency Review

DATE STAMP: 07/10/2006

**COMPLAINT FOR JUDICIAL REVIEW
PURSUANT TO THE MEDICARE ACT, 42 U.S.C. §1395oo(f)**

Plaintiff SIOUX VALLEY HOSPITAL ("Plaintiff" or "SIOUX VALLEY") alleges as follows:

**INTRODUCTION**

1. The instant case involves procedures established internally by the Provider Reimbursement Review Board ("PRRB" or "Board"), an administrative tribunal that adjudicates disputes between providers of Medicare services and the federal government. Here, because SIOUX VALLEY allegedly did not comply strictly with one such internal procedural guideline pertaining to the sending of a preliminary "position paper" to the opposing party, the PRRB has unilaterally dismissed SIOUX VALLEY's appeal. Unless the Court intervenes, this dismissal could operate to deprive SIOUX VALLEY completely of the right to be heard on reimbursement

issues that could be resolved favorably to SIOUX VALLEY, and that could result in a substantial forfeiture of sums owed to SIOUX VALLEY for hospital services furnished to Medicare patients during the 2003 fiscal year.

## JURISDICTION AND VENUE

2. This action arises under Title XVIII of the Social Security Act, as amended, 42 U.S.C. §§ 1395-1395ggg ("Medicare Act").

3. Jurisdiction exists under 42 U.S.C. § 1395oo(f).

4. Venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f).

## THE PARTIES

5. Plaintiff SIOUX VALLEY HOSPITAL, a South Dakota nonprofit corporation, was a duly certified provider of hospital services under the federal Medicare program during the fiscal period at issue (fiscal year ending April 30, 2003).

6. Defendant MICHAEL O. LEAVITT, the Secretary of the United States Department of Health and Human Services ("Secretary"), is the federal officer responsible for administering the Medicare program.

## THE MEDICARE PROGRAM

7. The Medicare Act establishes a system of health insurance for the aged and disabled. 42 U.S.C. §§ 1395-1395ggg. The Medicare program is federally funded and is administered by the Secretary through the Centers for Medicare and Medicaid Services ("CMS"). 42 U.S.C. § 1395kk; 42 Fed. Reg. 13,202 (Mar. 9, 1977).

8. Payments to Medicare providers are carried out by fiscal intermediaries pursuant to contracts with the Secretary. Fiscal intermediaries make interim payments to providers, subject to subsequent adjustments, overpayments and underpayments. 42 U.S.C. § 1395h.

9. At the close of its fiscal year, each Medicare provider must submit a "cost report" showing both the costs incurred by it during the fiscal year and the appropriate portion of those costs to be allocated to the Medicare program. 42 C.F.R. §§ 413.20 and 413.24.

10. The intermediary is then required to analyze and audit the cost report and to inform the provider of the intermediary's final determination of the provider's Medicare reimbursement for that cost reporting period, which is also known as the intermediary's "notice of amount of program reimbursement" or "NPR." Id. § 405.1803.

11. If a provider is dissatisfied with its fiscal intermediary's final determination of Medicare program reimbursement for a particular cost reporting period, and if the provider meets the requirements set forth in 42 U.S.C. § 1395oo(a), the provider may appeal the intermediary's determination (or NPR) to the Provider Reimbursement Review Board (the "PRRB" or "Board"). 42 U.S.C. § 1395oo.

12. A provider filed a lawsuit seeking review of a final decision of the PRRB in United States District Court within 60 days of receipt of that decision. Id. § 1395oo(f). A PRRB determination denying jurisdiction or other dismissing an appeal prior to a decision on the merits is a final determination subject to court review pursuant to Section 1395oo(f).

## THE PRRB APPEAL PROCESS

13. Providers initiate Medicare appeals by filing an appeal letter with the PRRB. After the appeal letter is filed, the PRRB issues a letter establishing due dates for the parties' preliminary and final position papers, which are often due many months to a year later. Usually, about six months to a year after the submission of final position papers to the PRRB, the PRRB issues a notice setting forth a hearing date, which is set several months after the date of the notice. Finally, the PRRB issues a decision, which often occurs over a year after the hearing. Thus, a typical PRRB case takes well over three years from the time of the appeal letter before a

decision is issued by the PRRB. Importantly, neither the PRRB nor an intermediary are prejudiced by not having a preliminary position paper so long as all the issues and the provider's positions are set forth in writing and submitted to the intermediary and the PRRB.

## FACTUAL AND PROCEDURAL HISTORY

14. On September 8, 2005, SIOUX VALLEY's fiscal intermediary, Cahaba Government Benefit Administrators ("Intermediary"), issued a NPR for the fiscal year ended April 30, 2003 ("FYE 4/30/03").

15. On or about November 30, 2005, SIOUX VALLEY timely submitted to the PRRB a detailed and specific appeal of various Intermediary adjustments for FYE 4/30/03. The appeal issues all pertained to the amount of disproportionate share hospital ("DSH") payments deemed reimbursable by the Intermediary, and were not novel issues to either the Intermediary or the PRRB. To the contrary, the appeal pertained to issues that are extremely common and that have been raised before the PRRB for virtually all hospitals that received DSH payments.

16. SIOUX VALLEY's appeal letter included a detailed description of the two appeal issues , SIOUX VALLEY's position on those issues, a list of the specific adjustments that were being challenged, citations to regulations and manuals, and reimbursement impacts for each appeal issue. Furthermore, SIOUX VALLEY sent this detailed appeal letter to the Board and to the Intermediary. (SIOUX VALLEY's Notice of Appeal is attached hereto as Exhibit A.)

17. On December 16, 2005, the PRRB sent an acknowledgement letter with position paper deadlines. The PRRB set an April 1, 2006 deadline for SIOUX VALLEY's preliminary position paper and a June 1, 2006 deadline for the Intermediary's preliminary position paper. The acknowledgement letter further indicated that the parties' final position papers would be due to the PRRB on or before August 1, 2006. Finally, the PRRB's acknowledgement letter established December 2006 as a "tentative month" for a live hearing of this matter.

4

18. Due to a miscommunication between SIOUX VALLEY and its own reimbursement consultant, which was assisting with the Plaintiff's DSH payment issues, SIOUX VALLEY failed to provide a preliminary position paper to the Intermediary in accordance with the PRRB's acknowledgement letter.

19. Neither the PRRB nor the Intermediary sent a reminder to SIOUX VALLEY regarding the preliminary position paper. Instead, on May 10, 2006, approximately one and one-half months after SIOUX VALLEY's preliminary position paper was due, the PRRB dismissed the Plaintiff's FYE 4/30/03 appeal for failure to send a preliminary position paper to the Intermediary. (A copy of the PRRB's letter dismissing the appeal is attached here as Exhibit B.)

20. On June 6, 2006, SIOUX VALLEY filed a Motion to Reinstate its appeal with the PRRB. SIOUX VALLEY concurrently submitted a copy of its position paper with the Motion.

21. SIOUX VALLEY has not yet received a ruling, tentative or otherwise, from the PRRB on its Motion to Reinstate.

22. Pursuant to 42 U.S.C. §1395oo(f), this Complaint has been filed within 60 days of receipt by SIOUX VALLEY of the PRRB's decision dismissing its case.

## INVALIDITY OF THE PRRB'S DETERMINATION

23. The dismissal determination of the PRRB is reviewable by this Court pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C. § 706. 42 U.S.C. § 1395oo. Furthermore, the PRRB's dismissal of SIOUX VALLEY's FYE 4/30/03 appeal is inconsistent with and is unauthorized by the Medicare statute and regulations, is arbitrary and capricious, is procedurally invalid, denies SIOUX VALLEY due process of the law, and violates SIOUX VALLEY's equal protection rights, for the following reasons, among others:

    a. **No party was prejudiced by SIOUX VALLEY's failure to submit a preliminary position paper.** As of the date of submission of this Motion, the Provider has

multiple Medicare Appeals pending with the PRRB that address the same issues addressed in this appeal. All of these other appeals have either been "placed in abeyance" or are planned to be "placed in abeyance" by the PRRB.[1] Each of these appeals is being held as such until the State of South Dakota provides to the Provider (and other similarly situated providers) documentation relating to Medicaid eligible days. Unlike most other states, South Dakota has not devised a process to match properly provider data to confirm which of the Provider's days were associated with treatment of Medicaid-eligible patients. The Provider's consultant has been working with South Dakota to devise a process that will be acceptable to the Intermediary. As a result, even if the Provider timely submitted its preliminary position paper and complied with all other applicable deadlines relevant to this matter, this case would still be placed in abeyance pending the State of South Dakota's release of the above referenced documents. In addition, the Provider filed a position paper along with its Motion to Reinstate, which was two months before the parties' final position papers were due (in fact, the parties' final position papers are *still* not yet due) and over six months in advance of the tentative month of hearing. The Intermediary therefore had, and still has, ample time to prepare its own final position paper. Accordingly, the Intermediary and the PRRB will not be disadvantaged or prejudiced in any way by reinstatement of this appeal.

      b.    **The PRRB's decision to dismiss is arbitrary and capricious, and contrary to Medicare law and regulations, given that SIOUX VALLEY complied or**

---

[1] The following appeals have already been placed in abeyance by the PRRB: Case No. 98-0623 (FYE 04/30/93); Case No. 98-0622 (FYE 04/30/94); Case No. 98-0621 (FYE 04/30/95); and Case No. 99-1238 (FYE 04/30/96). It is the intention of the PRRB to also place the following appeals in abeyance: Case No. 00-3639 (FYE 04/30/97); Case No. 01-2566 (FYE 04/30/98); Case No. 02-2126 (FYE 04/30/99); Case No. 03-0853 (FYE 04/30/00); Case No. 04-0666 (FYE 04/30/01); and Case No. 05-0735 (FYE 04/30/02).

**substantially complied with the PRRB's informal, unpublished, and vague preliminary position paper "requirements."** Nowhere in the Medicare Act or regulations is there any requirement that mandates the filing of a preliminary position paper in the context of a PRRB appeal, nor is there any formal guidance that specifically identifies or delineates the content or format requirements of a preliminary position paper. Rather, the only place where this document is even mentioned is in the PRRB's internet rules, which provide only cursory and informal guidance on this "requirement." Even so, notwithstanding the fact that the Provider did not submit a document expressly labeled "preliminary position paper," SIOUX VALLEY has still complied or substantially complied with the "requirement" that a preliminary "position paper" be submitted. Indeed, in its initial appeal letter, SIOUX VALLEY sets forth, among other things, a full explanation of the issues in dispute, an explanation of its position with respect to those issues, and all relevant statutory and regulatory authority. To therefore dismiss an appeal – which potentially involves *hundreds of thousands of dollars* – on a mere technicality that centers on a Provider's failure to file a document, the contents of which were already known to both the PRRB and the Intermediary, is contrary to the Medicare statute and regulations, is arbitrary and capricious, and constitutes an impermissible and harsh forfeiture in violation of SIOUX VALLEY's due process rights.

   c. **Pursuant to 42 C.F.R. § 405.1885, where there has been a material error of fact or law that affects the determination of an Intermediary, the PRRB has authority to reopen its determination, including the initial determination to dismiss an appeal.** In this case, the dismissal of SIOUX VALLEY's appeal is inconsistent with the Medicare Act and regulations and will potentially deprive SIOUX VALLEY of hundreds of thousands of dollars in Medicare reimbursement that is clearly owed pursuant to the Medicare

7

statutes and regulations.

        d.    **The PRRB has failed to establish cognizable standards for determining when an appeal is rightfully dismissed and when an appeal should be reinstated after dismissal.** In promulgating informal internet rules without providing concurrent notice and an opportunity for comment and that allow for the PRRB's dismissal of a case for a provider's failure to send a preliminary position paper, the Secretary has necessarily abandoned the formal rulemaking process, and in so doing, has set forth rules that violate both the Administrative Procedure Act ("APA") and the Medicare Act. 5 U.S.C. § 553(b); 42 U.S.C. § 1395hh. Further, the Secretary has violated the publication requirement of 42 U.S.C. § 1395hh(c), thereby invalidating the PRRB's internal, informal policy of dismissing cases for failure to send a preliminary position paper to an intermediary. This lack of cognizable standards regarding dismissal of PRRB appeals implies that any such dismissal, as here, is arbitrary and capricious, and constitutes a denial of due process of law.

        e.    **The PRRB should not be allowed to arbitrarily and capriciously dismiss SIOUX VALLEY's appeal without allowing the Provider to provide the PRRB with good cause for its failure to file a "preliminary position paper."** The PRRB has never promulgated firm guidelines pertaining to whether it will afford a provider the opportunity to correct an untimely filing without dismissal. Accordingly, the PRRB has been able to vacillate between dismissing cases without affording a provider the opportunity to correct an untimely filing, and alternatively, granting the opportunity to remediate such an error. Here, for unknown reasons, the PRRB has not yet determined whether it will reinstate SIOUX VALLEY's appeal. However, in either circumstance, the arbitrary and capricious nature of such activities should not be sanctioned.

8

f. **The opposing party, the Intermediary, is not similarly penalized with forfeiture for failure to comply with the requirement to timely submit a position paper.** While a provider's appeal may be dismissed for failing to file a position paper, if the Intermediary similarly fails to file its position paper, no judgment may be afforded in the provider's favor. In the context of an NPR appeal, a provider and its intermediary are in diametrically opposed situations, and therefore must be held to the same filing requirements and consequences stemming therefrom. Any difference in treatment, as here, has no rational basis in law and violates SIOUX VALLEY's equal protection rights guaranteed under the Constitution.

g. **As in the federal court context, a provider should not be penalized with a complete forfeiture of all appeal rights solely because of excusable neglect in timely filing a document with an administrative tribunal.** Pursuant to Federal Rule of Civil Procedure 60(b), which provides for forgiveness of procedural (as well as other) errors based on mistake, inadvertence, or neglect, federal courts have repeatedly refrained from dismissing cases with prejudice for failure to timely submit briefs or status reports during a case's procedural history. To wholly abandon this well settled federal precedent favoring trials on the merits and instead allow the PRRB to dismiss this case for SIOUX VALLEY's good faith failure to timely file a position paper violates the strong proclivity to apply and interpret provisions to avoid unnecessary forfeitures.

h. **The extent of the penalty for SIOUX VALLEY's failure to timely comply with the preliminary position paper requirement (namely, dismissal of its PRRB appeal), is unreasonable, arbitrary and capricious and is unauthorized by the governing Medicare statutes and regulations.** The dismissal of SIOUX VALLEY's appeal for failure to follow a procedural rule directly conflicts with the Medicare Act's guarantee of a hearing before

the PRRB if a provider is dissatisfied with an intermediary's determination and if certain monetary thresholds are satisfied. See 42 U.S.C. § 1395oo(a). The PRRB may not deprive a Medicare provider of a statutory right to a live hearing solely for failing to send a brief to the opposing party, especially when that brief is not a statutory or regulatory requirement.

WHEREFORE, SIOUX VALLEY prays for judgment as follows:

1. For an order requiring the Secretary to reinstate SIOUX VALLEY's FYE 4/30/03 PRRB appeal;

2. For costs of suit; and

3. For such other and further relief as the Court deems appropriate.

DATED: July 10, 2006

Respectfully submitted,

Byron J. Gross (Calif. State Bar No. 76626)
Bradley I. Kramer (Calif. State Bar No. 234351)
HOOPER, LUNDY & BOOKMAN, INC.
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2799
Telephone No. (310) 551-8125

By: _____
BYRON J. GROSS

John R. Jacob (D.C. Bar No. 444412)
Elizabeth H. Goldman (D.C. Bar No. 481173)
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone No. (202) 887-4582

By: _____
JOHN R. JACOB